# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JOSEPH MICHAEL DEVON ENGEL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CO#1, et al., )<br>)<br>)<br>)<br>Defendants. ) | No. 4:20-CV-1802 ACL |

## MEMORANDUM AND ORDER

This matter is before the Court on review of plaintiff Joseph Michael Devon Engel's self-represented complaint. For the reasons discussed below, the Court will order plaintiff to file a signed, amended complaint on a Court-provided form. Plaintiff will also be directed to either file a motion to proceed in forma pauperis or pay the full $400 filing fee. Plaintiff will have twenty-one (21) days to comply with this Memorandum and Order.

### Complaint

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 on December 17, 2020. Plaintiff's complaint is handwritten and not on a court form. Plaintiff brings this action against thirty-one (31) defendants, none of whom has he identified by name: Correctional Officer #1; Correctional Officer #2; Sergeant; Lieutenant; Corporal; Captain; Major; CCA; Caseworker; IPO Supervisor ERDCC; IPO ERDCC; P&P Director; P&P Past Director; Missouri Department of Corrections; Eastern Reception, Diagnostic and Correctional Center (ERDCC); Warden; Asst. Warden; Superintendent; Director; Asst. Director; Union Asst. Director; Lieutenant Governor; Governor; Senator of Missouri; House of Representative of Missouri; Asst. Attorney General; Attorney

General; Religious Services; Religious Services Director; Senator; and P&P. He sues defendants in their official capacities only.

Plaintiff claims that he is a sovereign citizen of the State of Alaska. He asserts that he is bringing the present action "in regards to [his] religious martial." [sic] Plaintiff states he is being denied access to his "Astru/Odinism/Catholicism" religion. Plaintiff states that defendants "don't care about it." However, he does not indicate exactly what religious accommodations he has been denied access to at ERDCC. Additionally, plaintiff does not state exactly which of the defendants violated his rights or failed to provide him with specific religious material.[1]

For relief in this action, plaintiff seeks compensatory and what appears to be punitive damages.

Plaintiff Engel has failed to file his action on a court-form, and he has failed to file a motion to proceed in forma pauperis in this action or file an accompanying prison account statement.

## Discussion

Plaintiff's complaint is deficient as pled. The complaint is not on a court-form as required by Local Rule 2.06(A). Additionally, as pled, the complaint is subject to dismissal at this time.[2]

Because plaintiff is self-represented, the Court will give him the opportunity to file a signed, amended complaint to set forth his own claims for relief. Plaintiff should type or neatly print his complaint on the Court's prisoner civil rights form, which will be provided to him. *See*

---

[1]Liability under 42 U.S.C. § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights. *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent,* 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox,* 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that any of the named defendants were directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted.
[2]A suit against an official of the state government in their official capacity is a claim against the State of Missouri. In the absence of a waiver, the Eleventh Amendment bars a § 1983 suit against a state entity or an individual employed by the state in his official capacity. *Morstad v. Dep't of Corr. & Rehab.*, 147 F.3d 741, 744 (8th Cir. 1998).

2

E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable."). In the "Caption" section of the Court-provided form, plaintiff should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties").

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). Plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

It is important that plaintiff establish the responsibility of each separate defendant for harming him. That is, for each defendant, plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights."). It is not enough for plaintiff to make general allegations against all the defendants as a group. Rather, plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can know what he or she is accused of doing. *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim") (internal quotations and citation omitted). The Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a

formulaic recitation of the elements of a cause of action." *Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint.  This means that claims that are not re-alleged in the amended complaint will be deemed abandoned.  *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect"). If plaintiff fails to file an amended complaint on a Court-provided form within twenty-one (21) days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

Finally, plaintiff has neither paid the $400 filing fee, nor sought leave to proceed without the prepayment of fees or costs.  If plaintiff files a motion to proceed in forma pauperis, it must be accompanied by a certified copy of his inmate account statement for the six-month period immediately preceding the filing of the complaint. Also, if plaintiff files such a motion, the Court will review the amended complaint pursuant to 28 U.S.C. § 1915.  Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. If plaintiff fails to pay the filing fee or file an application to proceed without prepayment, within twenty-one (21) days, the Court will dismiss this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to mail to plaintiff a copy of the Court's "Prisoner Civil Rights Complaint" form.

**IT IS FURTHER ORDERED** that the Clerk is directed to mail to plaintiff a copy of the Court's motion to proceed in forma pauperis form.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint on the Court's form within **twenty-one (21) days** of the date of this Order.

**IT IS FURTHER ORDERED** that plaintiff must either pay the $400 filing fee or file a motion to proceed in forma pauperis within **twenty-one (21) days** of the date of this Order.

**IT IS FINALLY ORDERED** that if plaintiff files a motion to proceed in forma pauperis, he must also file a certified copy of his inmate account statement for the six-month period preceding the filing of the complaint.

**If plaintiff fails to timely comply with this order, the Court will dismiss this action without prejudice and without further notice.**

Dated this 28th day of December, 2020.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE